19-2730-cv
*Keenan, et al. v. Hoffman-Rosenfeld et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty.

PRESENT:    BARRINGTON D. PARKER,
            DENNY CHIN,
                    *Circuit Judges*,
            TIMOTHY C. STANCEU,
                    *Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THE ESTATE OF LANA KEENAN, PADRAIG
KEENAN, SARA KEENAN, PIERCE
KEENAN, a minor child, and DAMIEN
KEENAN, a minor child,
            *Plaintiff-Appellants*,

            -v-                                              19-2730-cv

DR. JAMIE HOFFMAN-ROSENFELD, as a
medical provider, and as an individual acting

_____

*        Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

under Color of State Law, AKA DR. HOUSE, DR. AYSE AVCIOGLU, SOUTHSIDE HOSPTIAL, NORTHWELL HEALTH, FKA NORTH SHORE LONG ISLAND JEWISH HEALTH CARE SYSTEM, and COHEN CHILDREN'S MEDICAL CENTER, THE COUNTY OF SUFFOLK, DENNIS NOWAK, as the Director of Child Protective Services, JOHN F. O'NEILL, as the Chief Executive of The Suffolk County Department of Social Services, THE SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, THE SUFFOLK COUNTY ATTORNEY'S OFFICE, DR. ADAM MITTLER, individually and as a person operating under Color of State Law, COLLEEN PIDEL, MAUREEN PETERSON, EDWARD ENCARACION, and CRISTIN GILLERAN,

*Defendants-Appellees*,

SHEILA J. POOLE, individually and as the Commissioner of The New York State Office of Children and Family Services, CHILD PROTECTIVE SERVICES OF THE STATE OF NEW YORK AND THE COUNTY OF SUFFOLK, EXCHANGE AMBULANCE OF THE ISLIPS, UNKNOWN MEDICAL PROVIDERS 1-20, YET UNIDENTIFIED DEFENDANTS WHO ARE NOT MEDICAL PROVIDERS 1-20, DAVID R. FREUNDLICH, YET UNIDENTIFIED COUNTY, MUNICIPAL, AND NEW YORK STATE EMPLOYEES 1-20, DR. SUNIL SOOD, and WHITNEY SINOWITZ,

*Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

-2-

FOR PLAINTIFF-APPELLANTS:

ROBERT J. DEL COL, Law Office of Robert J. Del Col, Bay Shore, New York.

FOR NORTHWELL DEFENDANTS-APPELLEES:

CHRISTOPHER SIMONE, Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, New York.

FOR COUNTY DEFENDANTS-APPELLEES:

ARLENE S. ZWILLING, Assistant County Attorney, *for* Suffolk County Department of Law, Hauppauge, New York.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

This case arises out of the tragic death of Lana Keenan, who was hospitalized on January 3, 2014 when she was three months old and died after a one-month stay. Lana's parents and siblings brought this action below against various defendants -- medical care providers, hospitals, the County of Suffolk (the "County"), and Child Protective Services of Suffolk County ("CPS") workers -- under 42 U.S.C. § 1983 and New York law. Plaintiffs appeal the district court's judgment entered July 30, 2019 dismissing all their claims. In two separate orders entered July 29, 2019, the district court granted the motions for summary judgment of defendants-appellees designated as the Northwell Defendants and of defendants-appellees designated as the

-3-

County Defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a threshold matter, we conclude that the district court did not abuse its discretion in deeming admitted the facts set forth in the Local Rule 56.1 statements of both the Northwell Defendants and the County Defendants. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (noting that we give "considerable deference" to a district court's interpretation and application of its own local rule). Here, both sets of defendants submitted statements of facts with numbered paragraphs and in response, plaintiffs submitted conclusory statements that did not correspond to defendants' statements. Indeed, plaintiffs concede that their Local Rule 56.1 Statements were deficient. Accordingly, we review the district court's summary judgment decisions based on the facts set forth in defendants' Rule 56.1 statements, as deemed admitted by plaintiffs.

We review a summary judgment award *de novo*, resolving all ambiguities and drawing all inferences in favor of the non-movant, and we will affirm only if the record reveals no genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Matthews v. City of New York*, 779 F.3d 167, 171-72 (2d Cir. 2015). At the same time, we are mindful that "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist," nor can "mere speculation or conjecture as to the true nature of the facts." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir.

2010) (internal quotation marks omitted). We may affirm on any ground supported by the record, whether or not such grounds were relied upon by the district court. *See Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016).

Based on our independent review of the record, we conclude that the district court's grant of summary judgment must be affirmed based on the doctrine of qualified immunity.

A defendant is protected by the qualified immunity defense in a Section 1983 case if "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Wilkinson v. Russell*, 182 F.3d 89, 103 (2d Cir. 1999) (internal citation and quotation marks omitted). In cases arising from investigations of child abuse, we have held that "courts must apply the 'reasonable basis' test to permit investigators considerable discretion in the abuse context." *Wilkinson*, 182 F.3d at 106. An investigation passes constitutional muster if investigators have a "reasonable basis" for their findings of abuse. *Id.*; *accord van Emrik v. Chemung Cty. Dep't of Soc. Servs.*, 911 F.2d 863, 866 (2d Cir. 1990). "[C]ourts must be especially sensitive to the pressurized circumstances routinely confronting case workers, circumstances in which decisions between difficult alternatives often need to be made on the basis of limited or conflicting information." *Wilkinson*, 182 F.3d at 105 (internal quotation marks omitted); *see also van Emrik*, 911 F.2d at 866.

In this case, a reasonable factfinder could conclude only that both the Northwell Defendants and the County Defendants were confronted with "difficult alternatives," and that a reasonable basis existed for them to initiate abuse proceedings. A previously healthy three-month old presented with severe injuries consistent with non-accidental trauma (retinal hemorrhages and hypoxic-ischemic encephalopathy), and the parents had no explanation for the child's condition. In these circumstances, defendants were at least arguably required by law to report a reasonable suspicion of abuse. *See* N.Y. Soc. Serv. Law § 420. Additionally, a reasonable factfinder could conclude only that the County Defendants reasonably relied on the reports of the Northwell Defendants. Accordingly, both sets of defendants were protected by qualified immunity.[1]

\* \* \*

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We do not reach defendants' other arguments, including, for example, that the Northwell Defendants were not acting under color of law and that one of the County's caseworkers was entitled to absolute immunity.